THE STATE OF OHIO, APPELLEE, *v.* SOWDERS, APPELLANT.

(No. 82-152—Decided April 13, 1983.)

*Mr. James M. Ronk,* prosecuting attorney, and *Mr. Ronald J. Koltak,* for appellee.

*Mr. Randall M. Dana,* public defender, *Mr. David T. Roark* and *Ms. Jody Gabriel,* for appellant.

*Per Curiam.* The sole issue presented is whether the trial court abused its discretion in denying the defense motion for a continuance under the facts of this case, which resulted in trial commencing within eleven days of appellant's arraignment for robbery. This court has carefully examined the record and finds that, under the circumstances presented herein, the trial court did not abuse its discretion in denying the motion for a continuance.

It is a basic due process right and indeed essential to a fair trial that a defense counsel be afforded the reasonable opportunity to prepare his case. See, *e.g., White* v. *Ragen* (1945), 324 U.S. 760, 763-764; *Hawk* v. *Olson* (1945), 326 U.S. 271; *Powell* v. *Alabama* (1932), 287 U.S. 45. In considering how these constitutional guarantees impact on a motion for a continuance, the United States Supreme Court has stated:

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process * * *. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." (Citations omitted.) *Ungar* v. *Sarafite* (1964), 376 U.S. 575, at 589-590.

An examination of the prior holdings by this court demonstrates that Ohio law is in accord. First, it is well-settled in Ohio that the grant or denial of a continuance is a matter within the sound discretion[2] of the trial court. *State* v. *Unger* (1981), 67 Ohio St. 2d 65, 67 [21 O.O.3d 41]; *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, 101 [2 O.O.3d 249]. Further, this court has likewise refrained from adopting a mechanical test to determine when a trial court has abused its discretion in granting or denying a motion for a continuance; instead, this court has endorsed the use of a balancing test which takes cognizance of all competing considerations. *State* v. *Unger, supra.*

In *Unger,* this court stated, at page 67, that "* * * [w]eighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." This court then described objective factors by which a judge may assess the propriety of a motion for continuance, stating that "* * * a court should note, *inter alia*: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the

---

[2] "Judicial discretion" was defined in *Krupp* v. *Poor* (1970), 24 Ohio St. 2d 123 [53 O.O.2d 320], paragraph two of the syllabus, as follows:

"Judicial discretion is the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case."

requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." (Citations omitted.) *Id.* at 67-68.

This court continues to adhere to the principles and test set forth in *Unger,* and in reaching this decision today, also remains mindful of the precedent set by the United States Supreme Court as cited above.

Having examined the facts and circumstances herein which existed at the time of the request for the continuance, this court cannot find that the trial court abused its discretion in refusing defense counsel additional time to prepare his case. In his motion for a continuance, defense counsel asked for additional time to interview witnesses, to issue subpoenas for defense witnesses, and to adequately prepare a proper defense. The trial court was not, however, presented with any facts to indicate that defense counsel was unable to interview the state's witnesses.[3] Counsel had eleven days to locate and talk to these witnesses, yet at the time of the request for the continuance, there was no showing of what efforts, if any, had been made to locate these witnesses. Similarly, while defense counsel asked for additional time to locate defense witnesses, he presented no facts to the court to indicate their identity, the materiality of their testimony, or the reasonable likelihood that they could be found.[4] Finally, defense counsel gave no specifics to support his contention that he needed more time to adequately prepare a proper defense. Counsel did not, for example, state that he was otherwise committed, that he was unable to obtain sufficient discovery from the prosecutor,[5] or that he needed additional time to obtain evidence critical to his defense, such as psychiatric evaluation or medical records.

Considering the lack of information presented to the trial court at the time of the request and the fact that the defense had eleven days to interview the state's witnesses and subpoena its own witnesses, this court finds that the trial court did not abuse its discretion in denying the request for a continuance.[6]

For the foregoing reasons, the judgment of the court of appeals is affirmed. *Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, WEBER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

WEBER, J., of the Second Appellate District, sitting for LOCHER, J.

---

[3] The state, in response to the demand for discovery, listed nine potential witnesses.

[4] The court of appeals noted that, while ample time existed, no subpoenas for defense witnesses were issued. During oral argument, it was noted that the defense issued four subpoenas, of which only one was served. The record is unclear on this point.

[5] Indeed, an examination of the record herein indicates the state made full disclosure as requested.

[6] Appellant herein is not totally without recourse. Pursuant to Crim. R. 33, appellant could have filed a motion for new trial on the grounds of newly discovered evidence.