OPINION
On February 14, 1996, defendant-appellant, Jeffrey Lee, was indicted on five counts of felonious sexual penetration and six counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and 2907.12(A)(1)(b). Appellant entered not guilty pleas to all of the charges and the case was set for trial.
A plea bargain was subsequently arranged under which appellant agreed to enter guilty pleas to three counts of gross sexual imposition and three counts of sexual imposition in violation of R.C. 2907.05(A)(4) and 2907.06(A)(1). The trial court held a hearing on June 14, 1996 at which it accepted appellant's guilty pleas and referred the case for a presentence investigation.
On August 7, 1996, the trial court held a sentencing hearing. Appellant appeared at the hearing and requested a continuance. Appellant argued that an investigation into the truth of the allegations against him was warranted because he had been contacted by one of the victims who stated that she believed the charges against him had been "blown out of proportion." The trial court overruled appellant's motion for a continuance. The trial court sentenced appellant to three consecutive two-year terms of imprisonment for gross sexual imposition, but suspended one of the two-year terms and placed appellant on probation for a period of five years. The trial court also sentenced appellant to three concurrent sixty-day terms of imprisonment for sexual imposition. Appellant now appeals setting forth the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO GRANT A REQUEST FOR A CONTINUANCE OF THE SENTENCING HEARING.
Appellant argues that the trial court should have continued the sentencing hearing because one of the victims had allegedly recanted her allegations of sexual abuse. We disagree.
The decision to grant or deny a motion for a continuance is a matter within the sound discretion of the trial court. State v. Sowders (1983), 4 Ohio St.3d 143, 144; State v. Unger (1981),67 Ohio St.2d 65, 67. An appellate court must not disturb a trial court's decision to deny a motion for a continuance absent an abuse of discretion. State v. Grant (1993), 67 Ohio St.3d 465,479. The reviewing court must weigh the potential prejudice to the defendant against the trial court's "right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." State v. Powell (1990), 49 Ohio St.3d 255,259.
Our review of the record indicates that the only evidence appellant presented of the victim's alleged recantation was his own unsworn statement to that effect. Likewise, the record also indicates that appellant appeared at the August 7, 1995 hearing and affirmatively stated through counsel that he did not wish to withdraw his guilty pleas to any of the offenses on which he was before the trial court that day for sentencing. There is simply no way that the trial court abused its discretion in refusing to further delay appellant's sentencing under these circumstances by granting a continuance of the proceedings. Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is hereby affirmed.
KOEHLER and WALSH, JJ., concur.