On September 25, 1987, plaintiff-appellee, Frances A. Stuckey, and defendant-appellant, Terry L. Stuckey, were married in Fayette County, Ohio. Appellee subsequently filed a complaint for divorce in the Fayette County Court of Common Pleas on August 15, 1994.
A final hearing was held on March 30, 31 and April 26, 1995. The magistrate issued a written decision on August 24, 1995 in which he granted appellee's complaint for divorce because of spousal incompatibility. The magistrate awarded custody of the parties' two children, Matthew and Nicholas Stuckey, to appellee and divided the marital assets and debts equitably between the parties. The magistrate specifically ordered that "Doogie," a gelding horse the parties had owned during their marriage, was to be transported to Florida and sold and that the proceeds from the sale of the horse were to be divided equally between the parties after deducting for expenses.
On September 6, 1995, appellant filed objections to the magistrate's decision pursuant to Civ.R. 53(E)(3)(b). The trial court overruled appellant's objections to the magistrate's decision and adopted the magistrate's findings of fact and conclusions of law in an order dated November 20, 1995.
On July 2, 1996, appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B). The motion alleged that appellant had falsely represented to the court that a horse trainer in Florida had offered to care for Doogie and to prepare the horse for sale. The motion also requested that the trial court modify its prior judgment entry and order the parties to accept an offer appellee had received from a local horse trainer who wished to purchase Doogie for $5,000.
A hearing on the motion for relief from judgment was held before a magistrate on August 7, 1996. Appellant appeared at the hearing without counsel and requested a continuance. The magistrate denied appellant's request for a continuance and proceeded with the hearing. The magistrate reasoned that appellant had been served with notice of the hearing ten days prior to the hearing date and that appellant had been afforded ample opportunity to obtain counsel.
Appellee testified at the hearing that she spoke with Dave Williamson, the horse trainer in Florida with whom appellant allegedly had arranged to care for Doogie, after the property division order had been finalized. Williams told appellee that he "never agreed to take the horse" and that he "did not want the horse." Appellee testified that she was then forced to make alternative arrangements to board and care for Doogie in Ohio. Appellee also testified that she had recently received an offer to sell Doogie to a local horse trainer for $5,000.
The magistrate found that appropriate grounds for relief from judgment existed under Civ.R. 60(B) since the parties were unable to sell the horse in Florida. The magistrate then partially vacated the prior property division order and instead ordered the parties to accept the offer appellee had received to sell the horse for $5,000 and to divide the proceeds of the sale equally between them after deducting expenses. Appellant filed objections to the magistrate's decision on August 22, 1996. The trial court overruled appellant's objections and adopted the magistrate's findings of fact and conclusions of law in an order dated September 27, 1996. Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING A DIVORCE ON THE GROUND OF INCOMPATIBILITY, PURSUANT TO R.C. SECTION 3105.01(K), WHEN INCOMPATIBILITY WAS DENIED BY THE APPELLANT.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT APPELLANT A CONTINUANCE, BY FAILING TO ALLOW APPELLANT TO PRESENT HIS CASE, AND BY NOT FOLLOWING THE RULES OF EVIDENCE IN CONNECTION WITH THE MAGISTRATE'S HEARING HELD ON AUGUST 7, 1996.
In his first assignment of error, appellant contends that the trial court erred in adopting the magistrate's finding of spousal incompatibility. Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, also, Bowman v. Bowman (Mar. 19, 1997), Medina App. No. 2574-M, unreported; Larson v. Larson (Mar. 7, 1997), Portage App. No. 96-P-0217, unreported. Our review of the record indicates that appellant did not raise the issue of whether he and appellee are incompatible within the meaning of R.C. 3105.01(K) in his objections to the magistrate's August 24, 1995 decision or at any other stage of the proceedings below. Therefore, appellant is now precluded from challenging the trial court's finding of spousal incompatibility for the first time on appeal. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the magistrate erred in denying his motion for a continuance. The decision to grant or deny a motion for a continuance is a matter within the sound discretion of the trial court. State v. Sowders (1983), 4 Ohio St.3d 143, 144; State v. Unger (1981), 67 Ohio St.2d 65,67. An appellate court must not disturb a trial court's decision to deny a motion for a continuance absent an abuse of discretion. State v. Grant (1993), 67 Ohio St.3d 465, 479-80. The reviewing court must weigh the potential prejudice to the moving party against the trial court's "right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." State v. Powell (1990), 49 Ohio St.3d 255,259.
Appellant argues that the magistrate should have granted his motion for a continuance in order to allow him to retain counsel. However, the record indicates that appellant was personally served with the Civ.R. 60(B) motion ten days prior to the hearing date. Appellant has not demonstrated to the satisfaction of this court that there is any valid reason why he was unable to retain counsel prior to the hearing. Likewise, it is apparent from the record that the parties had already incurred significant expenses in boarding and caring for Doogie during the pendency of these proceedings and that the granting of a continuance would have further increased the partes' expenses and thereby diminished the value of the horse as a marital asset to an even greater degree. Accordingly, the magistrate did not abuse his discretion by refusing to delay the sale of the horse by granting appellant's motion for a continuance.
Appellant next argues that the magistrate erred in permitting appellee to testify that she spoke with Dave Williamson after the property division order had been finalized and that Williamson told her that he had "never agreed to take the horse" at his facility in Florida and that he "did not want the horse." Appellant claims that the magistrate should not have admitted this testimony because it is inadmissible hearsay.
Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The record shows that Williamson's out-of-court statements were in fact offered to prove that he was unwilling to take delivery of Doogie in Florida. Therefore, the magistrate should have excluded this evidence as inadmissible hearsay.
It is our belief, however, that this minor error falls within the scope of Civ.R. 61 which provides as follows:
 No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
The transcript of the proceedings in this case indicates that the issue of whether Williamson was willing to accept delivery of Doogie in Florida was not subject to serious dispute at the hearing on appellee's motion for relief from judgment. Appellant essentially conceded that it was no longer possible to sell the horse at Williamson's facility in Florida and that some modification of the prior property division order was necessary so that Doogie could be sold to an alternate buyer and the proceeds of the sale divided. Appellant instead argued that the $5,000 offer appellee had received did not represent the horse's fair market value and that the expenses appellee had incurred in caring for the horse were unreasonable.
After carefully considering these facts, we believe that the magistrate did not prejudice any of appellant's substantial rights by admitting Williamson's out-of-court statements since neither statement related to a disputed issue in the proceedings. Consequently, the error by the magistrate in admitting Williamson's hearsay statements was harmless.
Finally, appellant argues that the magistrate should have sua sponte ordered a separation of the witnesses at the hearing on the Civ.R. 60(B) motion because he was not represented by counsel. Evid.R. 615 governs the separation of witnesses and provides as follows:
 At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.
Evid.R. 615 permits but does not require a magistrate to order a separation of the witnesses on his own motion. See State v. Wilson (Apr. 23, 1987), Cuyahoga App. No. 52031, unreported. Our review of the record indicates that appellant did not move for a separation of the witnesses at any time during the hearing on the Civ.R. 60(B) motion. The magistrate was not required to abandon his judicial role and sua sponte order a separation of the witnesses on appellant's behalf simply because appellant was not represented by counsel and may have been unaware of his right to move for a separation under Evid.R. 615. Accordingly, the magistrate did not abuse his discretion by failing to order a separation of the witnesses on his own motion. Appellant's second assignment of error is overruled and the judgment of the trial court is hereby affirmed.
YOUNG, P.J., concurs.
KOEHLER, J., dissents.