[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant, James Swalcy, was indicted on one count of rape. Trial on this matter was originally scheduled on February 24, 1997, for Tuesday, May 6, 1997.
On Friday, May 2, 1997, the parties attended a pretrial conference before Judge Enlow of the Portage County Court of Common Pleas. Judge Enlow had a heavy docket and Judge Kainrad offered to take three of his cases which had been set for trial. The parties reviewed Judge Enlow's schedule with him for cases to transfer. When they came to consider appellant's case, Judge Enlow asked the parties if they would object if he sent it to Judge Kainrad for trial during the next week, as it was originally scheduled, or if they wanted to reschedule the matter with him for June. Defense counsel indicated to the judge that he had a problem securing his defense witnesses. He was unsure whether they would voluntarily appear or whether he would have to subpoena them. The parties never clearly resolved Judge Enlow's suggestion that he transfer the case to Judge Kainrad, but in our interpretation of the record, it seems that Judge Enlow decided to keep this case. He told defense counsel he would have a week's notice to subpoena his witnesses and that the matter would be tentatively rescheduled for Friday, May 16, 1998.
On Monday, May 5, 1997, defense counsel filed his list of witnesses, indicating that he intended to call Angela Webb and Debbie Baumgardner, co-workers of the alleged rape victim.
On Tuesday, May 6, 1998, defense counsel filed subpoenas commanding both witnesses to appear on May 7, 1998.
On Wednesday, May 7, 1998, the parties appeared before Judge Kainrad, who apparently summoned them to begin trial on that day. The following exchange took place on the record in the judge's chambers:
 "MR. SIMON [Defense Counsel]: One other issue is the haste with which this trial was called.
 "Essentially in view of last Friday's hearing * * * we were told we might be on the June list or may start May 16. I have put out subpoenas for two witnesses that I expect to call on behalf of the defense. They can not be served in the time that we have here. One of the — actually the key witness, Angie Webb, lives in Akron. I have tried to arrange for Angie Webb to come here voluntarily at 1:00 and have a Subpoena waiting for her because of some employment complications she has. She wouldn't come pursuant to that request, Your Honor, and maybe it may be that I would at that point request if we're that far along in the case, the Court's indulgence to try to get her served overnight and pick up again tomorrow.
 "THE COURT: The Court will be [as] indulgent as possible. These cases were set for two weeks sometime back. It shouldn't have been a total shock.
 "MR. SIMON: No, Your Honor, it wasn't. And we were prepared to go on Tuesday, in fact, but we were told — I think Paul [the Assistant Prosecutor] will agree, we were told last Friday afternoon that this may go on the June list or we could probably get it in May 16, a Friday. Because we told Judge Enlow it was a one day trial. Is that right, Paul?
"MR. GALLAGER [Assistant Prosecutor]: Yes.
 "THE COURT: I had some time. I volunteered. They sent it down to me. I want to try it if I can."
The court proceeded with trial. The state called the victim, who testified as to her version of events on the night of the alleged rape. Defense counsel called only one of the two witnesses on his list. Debbie Baumgardner's testimony contradicted some of the victim's testimony in several non-critical respects. Defense counsel did not call the other witness on his list, Angie Webb, nor did he request a continuance from the court after the state rested in order to secure her presence. Furthermore, he did not proffer into the record his understanding as to what Ms. Webb's testimony would be or why he thought she was "key" to appellant's defense.
The jury found appellant guilty of the rape. He was sentenced to a definite term of five years in prison. New counsel was appointed to represent appellant in this appeal, in which he raises the following assignments of error:
 "1. The trial court erred in forcing defendant to stand trial a week prior to the date that had been set for the trial, thus depriving defendant of due process by failing to permit him to fairly defend himself and to have the benefit of compulsory process.
 "2. The trial court erred in not granting defendant a continuance which would have allowed him to subpoena witnesses whose testimony was vital to the defense.
 "3. Defendant was deprived of effective assistance of counsel because counsel failed to object to the fact that defendant was forced to stand trial a week prior to the date which has [sic.] been set for the trial, thus depriving him of due process.
 "4. Defendant was deprived of effective assistance of counsel when counsel failed to object to the court's refusal to grant a continuance which would have allowed him to subpoena witnesses whose testimony was vital to the defense.
 "5. Defendant was deprived [of] the effective assistance of counsel because counsel failed to request additional time between the calling of the last witness and resting in order to further attempt to secure the presence of witnesses whose testimony was vital to the defense."
The second assignment of error is dispositive, so it will be addressed first. Appellant construes his trial attorney's actions in the conference with Judge Kainrad in chambers, as a maladroit request for a continuance. He further construes Judge Kainrad's comments as an implied denial of that continuance. He argues on appeal that the judge abused his discretion and denied him his right to compel Ms. Webb to appear and give testimony in his behalf.
 "It is well settled that the decision whether to grant or deny a continuance is within the sound discretion of the trial court. Absent an abuse of that discretion, this court will not reverse the trial court. State v. Sowders (1983), 4 Ohio St.3d 143, * * *; State v. Unger
(1981), 67 Ohio St.2d 65, * * *; State v. Holdsworth
(Feb. 21, 1992), Portage App. No. 90-P-2231, unreported, 1992 WL 35040. Abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, * * *." (Parallel citations omitted.) State v. Wolfe (1992), 81 Ohio App.3d 624, 628-629.
There was nothing wrong with the cooperation exhibited by the judges in this case. If one judge is too busy to afford a criminal defendant a speedy trial, and if another judge has time to try the case, transferring the cause makes efficient use of judicial manpower. As long as properly effectuated, this practice[1]
is encouraged.
However, the judges must ensure that the defendant is treated fairly in the transfer. Part of the constitutional guarantee of due process of law is that the procedures employed by the state to try a defendant must comport with fundamental fairness. State v.Zirkle (Aug. 27, 1997), Meigs App. No. 95 CA 21, unreported, 1997 Ohio App. LEXIS 4173. See State v. Whisenant (Apr. 10, 1998), Portage App. No. 95-P-0112, unreported.
The judge to whom this cause was transferred for trial did not honor the assigned judge's promise of one week's notice for the specific purpose of allowing defense counsel to subpoena his witnesses. Because of the assigned judge's assurances, counsel had no reason to make extra efforts to secure his witnesses by Wednesday, May 7, 1998. It was unfair, under these circumstances, to press the trial upon appellant without adequate time to subpoena his key witness.
Although some of the actions of defense counsel arguably amount to a waiver of the defect in the notice, the judge's treatment of defendant's due process rights is by far a more important factor in our decision.
The judge to whom the case was transferred abused his discretion by going forward so expeditiously without providing appellant adequate opportunity to prepare for trial. The second assignment of error has merit. The other assignments are moot and need not be addressed. The judgment of conviction is reversed and the cause is remanded for further proceedings that are consistent with this opinion. ______________________________ JUDGE ROBERT A. NADER
FORD, P.J.,
O'NEILL, J. concur.
[1] Absent an order by the administrative judge of a multi-judge division of a common pleas court formally transferring a cause from one judge to the other, only the assigned judge has authority to act in the case, and any action taken by another judge is voidable on timely objection of either party. Berger v. Berger (1981),3 Ohio App.3d 125. The failure to object to an informal transfer constitutes a waiver of any defect, however.Id.; Jackson v. Jackson (Mar. 7, 1997), Geauga App. No. 96-G-1990, unreported. Neither party here objected to the unordered transfer from Judge Enlow to Judge Kainrad.