DECISION.
Defendant-appellant Donnovan Lewis appeals from the judgment of the trial court convicting him, in a bench trial, of misdemeanor domestic violence in violation of R.C. 2919.25(A). The trial court imposed a suspended sentence of one hundred eighty days' confinement and one year probation, a $1,000 fine of which $800 was remitted, and costs. We have sua sponte removed this cause from the accelerated calendar.
In his first assignment of error, Lewis argues that the trial court abused its discretion by denying his request for a continuance on the morning of trial and by ordering him to proceed with substitute counsel. The granting or denial of a continuance "is entrusted to the broad, sound discretion of the trial judge." State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078, syllabus. Absent abuse of discretion, the trial judge's decision should not be disturbed. "Abuse of discretion" suggests that the trial judge's decision is unreasonable, arbitrary, or unconscionable. See State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144, 148-149.
The Ohio Supreme Court has refrained from applying a mechanical test when the trial court denies a continuance and, instead, has endorsed a test based on a balancing of all competing considerations. See State v. Sowders (1983), 4 Ohio St.3d 143,144, 447 N.E.2d 118, 120. In evaluating a motion for a continuance, the supreme court noted that a trial court should consider, "inter alia: the length of the delay requested; whether other continuances have been requested and received; theinconvenience to litigants, witnesses, opposing counsel and thecourt; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." State v. Unger,67 Ohio St.2d at 67-68, 423 N.E.2d at 1080 (emphasis added and citations omitted). Here, we must balance Lewis's right to representation by counsel of his choice against the strong public interest in prompt disposition of criminal charges. See Richardson-Merrell,Inc. v. Koller (1985), 472 U.S. 424, 105 S.Ct. 2757.
Lewis argues that the trial court acted unreasonably by agreeing to grant a continuance only if Lewis's counsel "willingly compensates this victim for one day's pay." We disagree. The prosecuting witness filed this complaint on November 22, 1997. A temporary protective order issued against Lewis on that same date. On December 15, 1997, Lewis attended the initial appearance with his counsel. A bench trial was set for February 20, 1998. On February 18, 1998, initial counsel filed a motion for a continuance of the trial date, which the trial court granted. A new trial date of April 23, 1998, was assigned. On the morning of trial, Lewis appeared with substitute counsel from the same law firm. His substitute counsel requested a continuance, informing the trial court that Lewis's initial counsel was at a seminar. Although the prosecutor acknowledged that counsel had shortly before the trial advised her of his conflict, he apparently neglected to inform the court or file a written pretrial motion for a continuance. The prosecuting witness expressed her displeasure concerning any further continuance, stating that her employer was not paying her for the days she was absent due to her court appearances. During its colloquy with the prosecutor and counsel, the trial court ultimately determined that the economic hardship to the prosecuting witness and her witnesses, initial counsel's agreement to the trial date, and the five-month delay that had already elapsed, militated against a second continuance for the defense. In light of the factors identified in State v. Unger, we hold that the trial court's denial of the continuance was not unreasonable, arbitrary or unconscionable.
The record also presents an issue that Lewis has not raised in his brief, and that we deem integral to whether the denial of a continuance violated Lewis's right to a fair trial. The substitute trial counsel for Lewis, a licensed attorney, had declared to the trial court that he was not prepared for the trial. This raises the issue of whether Lewis received effective assistance of counsel. Of course, because Lewis's trial counsel and appellate counsel are one and the same, it would have been troublesome for appellate counsel to have assigned as error his own ineffectiveness at trial. See State v. Noland (Mar. 5, 1999), Hamilton App. No. C-980390, unreported. Therefore, wesua sponte address the issue of ineffective assistance of counsel.
Lewis's substitute counsel told the trial court that he was not prepared for trial, but that he would proceed if ordered to do so. "It is a basic due process right and indeed essential to a fair trial that a defense counsel be afforded the reasonable opportunity to prepare his case." State v. Sowders,4 Ohio St.3d at 144, 447 N.E.2d at 120 (citation omitted). While a licensed attorney practicing in Ohio is generally presumed to be competent, State v. Bradley (1997), 42 Ohio St.3d 136,538 N.E.2d 1373, when defense counsel has done nothing to prepare for trial a court may, under certain circumstances, presume ineffectiveness without an inquiry into the actual performance at trial. See United States v. Cronic (1984),466 U.S. 648, 659-660, 104 S.Ct. 2039, 2047-2048.
The record contains no suggestion that the efforts of Lewis's substitute trial counsel were deficient and fell below an objective standard of reasonableness. See Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064; Lockhart v.Fretwell (1993), 506 U.S. 364, 369-370, 113 S.Ct. 838, 842-843. Lewis does not assert that he was denied discovery or that his counsel did not protect his rights by failing to file pretrial motions. Moreover, the merits of the state's case depended solely upon the credibility of the prosecuting witness and her two witnesses. Our review of the record convinces us that Lewis's substitute counsel cross-examined the state's witnesses skillfully and zealously in an effort to challenge their credibility. Substitute counsel also presented Lewis's testimony in its most favorable light. We hold that a presumption of counsel's ineffective assistance is overcome by evidence of his competence preserved in the trial transcript. Lewis's first assignment of error is overruled.
In his second assignment of error, Lewis contends that the judgment of conviction is against the manifest weight of the evidence. The trial court chose to believe the testimony of the prosecuting witness, who is also the mother of Lewis's child. She testified that Lewis kicked her in the back and broke her glasses at her townhouse and later, in the car, struck her in the face with his fist. After reviewing the record, we cannot conclude the trial judge lost his way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. See State v. Thompkins (1997), 78 Ohio St.3d 380,387, 678 N.E.2d 541, 546-547. Lewis's second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 Doan, P.J., Hildebrandt and Gorman, JJ.
Please Note: The court has placed of record its own entry in this case on the date of the release of this Decision.