{¶ 12} I concur with the judgment rendered this day reversing defendant's conviction, however, for different reasons than those outlined by the majority. Rather than addressing the constitutionality of the ordinance for which defendant was convicted, I would conclude that the trial court failed to give defendant fair notice of the second charge, Case No. 03 CRB01205/HHM03-341 before proceeding to trial.
 {¶ 13} The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense. See, e.g., InRe Ruffalo (1968), 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117;Blake v. Morford (6th Cir. 1977), 563 F.2d 248.
 {¶ 14} "It is a basic due process right and indeed essential to a fair trial that a defense counsel be afforded the reasonable opportunity to prepare his case." State v. Sowders,4 Ohio St.3d 143, 144, 447 N.E.2d 118, 120 (citation omitted).
 {¶ 15} In this matter, the record demonstrates that when the court called the first charge, case no. 03 CRB 01139/HHM 2138, for trial, it dismissed that action, then immediately proceeded to trial on the second charge, and did not engage in the colloquy required under Crim.R. 5 and Crim.R. 10. The second charge had been prepared by police less than two weeks earlier, and there is no indication as to when it was actually filed or served upon defendant. Moreover, the second charge accuses defendant of a different offense than set forth in the first charge. I believe that under these circumstances, the trial court did not afford defendant a reasonable opportunity[1] to prepare his defense to the charge.
[1] Although the prosecuting attorney was concerned that speedy trial considerations required the court to hear the second charge on the date upon which the first charge was scheduled for trial, the Supreme Court has determined that the period between a dismissal of charges without prejudice and the filing of a subsequent indictment premised upon the same facts is not counted for purposes of computing the speedy-trial time period set forth in R.C. 2945.71 et seq. State v. Broughton (1991),62 Ohio St.3d 253, 581 N.E.2d 541, paragraph one of the syllabus.