[Cite as *State v. E.G.*, 2019-Ohio-3531.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

E.G.

    Appellant

C.A. No.    18CA0109-M

APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    18CRB01317

DECISION AND JOURNAL ENTRY

Dated: September 3, 2019

---

CALLAHAN, Judge.

{¶1} Appellant, E.G., appeals her conviction for domestic violence by the Medina Municipal Court. This Court reverses.

I.

{¶2} On September 3, 2018, E.G.'s stepdaughter contacted law enforcement to report an argument between her father, G.G., and his wife, E.G. A Medina County Sheriff's deputy responded to the call, and after speaking with G.G. and the stepdaughter, he learned that E.G. had slapped G.G. with an open hand, leaving a red mark on his face. The deputy sheriff arrested E.G., and she was charged with domestic violence. E.G. pleaded not guilty, and the trial court set the case for a bench trial on October 3, 2018. The State moved to continue the trial to a date after October 9, 2018, because a witness was unavailable. On September 26, 2018, the trial court granted the State's motion, and the bench trial was rescheduled for October 17, 2018.

{¶3}    Seven days before the trial date, E.G.'s attorney filed a motion to continue the trial date, arguing that he had a previously scheduled conflicting court appearance.  The next day, the trial court denied the motion, noting that the "[bench trial] was set before conflicting matters" and that "dates in conflicting matters were set 'at the request of the [defendant].'"  On the day of trial E.G.'s attorney orally requested a continuance on three grounds: he had just received the case from his partner and was "ill-prepared to go forward," it was "kind of a conflict of interest," and his client was prepared to accept a plea offer made by the State.  The trial court denied the motion without further inquiry and declined to accept the negotiated plea, noting that by local rule, plea agreements that involved changing the charged offense had to be completed two days before trial and emphasizing that defense counsel had not mentioned either the conflict of interest or his preparedness for trial in his written motion.  The trial court also emphasized that the trial had been previously continued, but did not ask the State to respond to the request for a continuance.

{¶4}    Following the bench trial, the trial court found E.G. guilty of domestic violence, fined her $300, and ordered her to serve one day in jail.  E.G. filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN DENYING DEFENSE COUNSEL'S MOTION TO CONTINUE THE TRIAL FILED A WEEK BEFORE THE TRIAL.

{¶5}    In her first assignment of error, E.G. argues that the trial court erred by denying her attorney's request for a continuance.  Although her assignment of error is framed in terms of the written request for a continuance that counsel filed seven days before trial, the substance of

her argument focuses on the oral request for a continuance that defense counsel made on the day of trial.

{¶6} Because the decision to grant or deny a continuance is one that is generally entrusted to the discretion of the trial court judge, this Court reviews such a decision for an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65 (1981), syllabus, 67. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶7} When considering a request for continuance, trial courts should consider

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68. Although entrusted to the discretion of the trial court, the denial of a motion for a continuance can have grave consequences, particularly when the motion is related to counsel's ability to mount a defense on the client's behalf. *See State v. Sowders*, 4 Ohio St.3d 143, 144 (1983). In this respect, the denial of a request for a continuance can be "so arbitrary as to violate due process." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). "There are no mechanical tests" for determining whether the denial of a continuance rises to this level, so a reviewing court must consider the circumstances of each case, "particularly * * * the reasons presented to the trial judge at the time the request is denied." *Id*.

{¶8} In this case, counsel's motion for a continuance on the day of trial raised two issues of grave concern: his admitted lack of preparation for trial and the possibility of a conflict of interest in his representation of E.G. Perhaps understandably, the trial court responded with

frustration that counsel's previous motion, filed just seven days earlier, did not raise either of these issues. Nonetheless, the trial court should have inquired about the nature of the potential conflict of interest and counsel's level of preparedness so that it could undertake the determination contemplated by *Unger* instead of summarily denying the continuance. *See Unger* at 67-68. *See also Ungar* at 589. The trial court's failure to do so, under the facts of this case, constituted an arbitrary denial of E.G.'s request for a continuance and, therefore, an abuse of discretion. *See id.* E.G.'s first assignment of error is, therefore, sustained.

## ASSIGNMENT OF ERROR NO. 2

THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HER ATTORNEY SHOWED UP FOR TRIAL UNPREPARED, HAD NOT PREVIOUSLY MET WITH THE CLIENT, HAD NOT FILED A JURY DEMAND, AND VIOLATED THE CLIENT'S RIGHT TO EFFECTIVE REPRESENTATION UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT'S JUDGMENT FINDING APPELLANT GUILTY OF DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE APPELLANT'S HUSBAND WAS THE AGGRESSOR, APPELLANT'S HUSBAND ACTED IN A THREATENING MANNER, AND APPELLANT HAD A REASONABLE BELIEF THAT SHE NEEDED TO SLAP HER HUSBAND IN THE FACE TO DEFEND HERSELF AGAINST THE IMMINENT USE OF UNLAWFUL FORCE BY HER HUSBAND.

{¶9} E.G.'s second and third assignments of error argue that she received ineffective assistance of counsel at trial and that her conviction for domestic violence is against the manifest weight of the evidence. These assignments of error are moot in light of this Court's resolution of her first assignment of error. *See* App.R. 12(A)(1)(c).

III.

{¶10} E.G.'s first assignment of error is sustained. Her second and third assignments of error are moot. The judgment of the Medina Municipal Court is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DAVID SHELDON, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.