[Cite as *State v. Adkisson*, 2024-Ohio-964.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                           No. 112874

v. :

MARQUIS ADKISSON, :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 14, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-673139-A and CR-23-679252-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Lindsay L. Patton, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Marquis Adkisson appeals his convictions claiming that the trial court failed to comply with Crim.R. 11 in accepting his guilty plea on multiple counts. We affirm.

{¶ 2} In 2022, Adkisson was charged in Case No. CR-22-673139-A in a seven-count indictment charging: (1) trafficking in drugs in violation of R.C. 2925.03(A)(2), a felony of the first degree; (2) possession of drugs in violation of R.C. 2925.11(A), a felony of the first degree; (3) trafficking in drugs in violation of R.C. 2925.03(A)(2), a felony of the third degree; (4) possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree; (5) trafficking in drugs in violation of R.C. 2925.03(A)(2), a felony of the fourth degree; and (6) possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. Counts 1 through 6 contained major drug offender and/or schoolyard specifications. Count 7 charged possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree.

{¶ 3} Adkisson retained counsel who filed multiple motions on his behalf. The court denied Adkisson's motion in limine to prohibit the state from using other acts evidence pursuant to Evid.R. 404(B), his motion to compel, and his motion to reveal the identity of the confidential informant. The case was set for hearing on Adkisson's motion to suppress and for trial.

{¶ 4} On the day of the suppression hearing and trial, and in open court, Adkisson inquired how to "go about changing [his] attorney," seemingly because his attorney did not address what Adkisson thought was the state's incorrect recital of

his criminal record to the court. The court denied his request, noting that the matter was set for a suppression hearing and trial.

{¶ 5} The parties took a short recess during which Adkisson decided to enter guilty pleas instead of going to trial. During the plea colloquy, the court inquired whether Adkisson was satisfied with his attorney. Adkisson answered "yes" and entered a plea of guilty to Counts 1, 3, and 5. As part of his plea agreement, the major drug offender specifications attendant to Counts 1, 3, and 5, and all remaining counts were dismissed.

{¶ 6} The matter was continued for sentencing. Rather than appearing for his sentencing hearing, Adkisson absconded to Georgia, and the court issued a capias. While he absconded, Adkisson was charged in a new case, Case No. CR-23-679252-A, with two counts of possession of drugs in violation of R.C. 2925.11, felonies of the fifth degree. Adkisson was subsequently arrested and brought back to Ohio. He entered a guilty plea to the indictment on the second case.

{¶ 7} The trial court proceeded to sentencing on both cases. The state set forth the facts of the cases and recited Adkisson's lengthy record. The state mentioned that Adkisson had filed a motion to continue his originally set sentencing hearing, stating that he had a funeral to attend. However, Adkisson did not attend a funeral. Rather he traveled to attend a concert. Then Adkisson failed to appear for the rescheduled sentencing hearing, absconded, and was arrested in Georgia. When asked, Adkisson gave conflicting stories as to why he went to Georgia. He

initially told the court he left Ohio so he could visit his father in the hospital. He then said he left so he could find a new attorney.

{¶ 8} The trial court sentenced Adkisson to an indefinite sentence of 13 to 18 years in prison.

{¶ 9} Adkisson filed a notice of appeal and raises one assignment of error for review:

> I. The trial court failed to comply with Crim.R. 11 by summarily dismissing Mr. Adkisson's request to hire new counsel prior to his change of plea.

{¶ 10} As an initial matter, we note that this assignment of error only pertains to Adkisson's first case, Case No. CR-22-673139. Adkisson makes no claims regarding his second case.

{¶ 11} In his sole assignment of error, Adkisson argues that the trial court failed to comply with Crim.R. 11 when it refused to grant him a continuance to obtain a new attorney. A trial court's decision to grant or deny continuance of a trial is reviewed by this court under an abuse-of-discretion standard. *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981); *State v. Sowders*, 4 Ohio St.3d 143, 447 N.E.2d 118 (1983). An abuse of discretion occurs when a court exercises "'its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.'" *State v. Chaney*, 8th Dist. Cuyahoga No. 112647, 2024-Ohio-248, ¶ 11, quoting *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 12} "When a defendant enters a guilty plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Pursuant to Crim.R. 11(C)(2)(b) a court shall not accept a guilty plea "without first addressing the defendant personally and * * * [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(B)(1) sets forth the effect of a guilty plea and provides that a "plea of guilty is a complete admission of the defendant's guilt."

{¶ 13} In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, the Ohio Supreme Court addressed compliance with Crim.R. 11(C) and how an appellate court should review a trial court's plea colloquy. Generally, "a defendant is not entitled to have his [or her] plea vacated unless [the defendant] demonstrates he [or she] was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16. The exceptions to general rule are when: (1) the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, or (2) a trial court completely fails to comply with a portion of Crim.R. 11(C). *Id.*

{¶ 14} Adkisson does not argue that the trial court failed to give him the proper advisements during the plea hearing. He contends that the trial court's

refusal to allow him time to obtain new counsel violated his right to an attorney of his choosing and therefore his plea was not voluntary.

{¶ 15} There is no mandate in Crim.R. 11 that a defendant is entitled to an attorney of his or her choosing. Nor does Crim.R. 11 provide that an indigent defendant has a right to counsel. The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a criminal defendant has a constitutional right to assistance of counsel at all stages of a criminal prosecution, and a right to court-appointed counsel if the defendant is unable to retain counsel. *State v. Graves*, 9th Dist. Lorain C.A. NO. 98CA007029, 1999 Ohio App. LEXIS 5992, 6 (Dec. 15, 1999). In Ohio, Crim.R. 44 provides that a defendant charged with a serious crime who is unable to obtain counsel has a right to assigned counsel.

{¶ 16} In Adkisson's first case, Case No. CR-22-673139-A, his attorney was retained, not appointed. On the day the case was set for trial, Adkisson informed the court he wanted to obtain new counsel apparently because his current counsel did not challenge the state's recitation of his criminal history. The trial court allowed Adkisson time to speak to his attorney privately. Upon his return, Adkisson decided to accept the state's plea offer. He made no further mention of his desire to find new counsel.

{¶ 17} Instead of appearing for sentencing, Adkisson fled to Georgia. He was returned and charged in the second case. For that case, he was declared indigent, and the court appointed counsel.

{¶ 18} On June 1, 2023, Adkisson entered guilty pleas in his second case and the court proceeded to sentencing on both cases. During his sentencing hearing Adkisson was represented by two attorneys, one for each case.

{¶ 19} Adkisson's request to obtain new counsel on his first case occurred on the day of trial. A request for new counsel made on the day of trial "'intimates such motion is made in bad faith for the purposes of delay.'" *State v.* Price, 8th Dist. Cuyahoga No. 100981, 2015-Ohio-411, ¶ 18, quoting *State v. Haberek*, 47 Ohio App.3d 35, 41, 546 N.E.2d 1361 (8th Dist.1988). The court most likely considered Adkisson's request to be a delay tactic.

{¶ 20} Under these circumstances, we do not find that the trial court abused its discretion in denying Adkisson's request for time to retain a new attorney. Adkisson has not shown that his plea was not knowingly, intelligently, or voluntarily made pursuant to Crim.R. 11.

{¶ 21} Accordingly, the sole assignment of error is overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR