The STATE of Ohio, Appellee,

v.

ALLEN, Appellant.

[Cite as *State v. Allen* (1997), 118 Ohio App.3d 846.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 1996CA00044.

Decided March 24, 1997.

*Kelly Christine Diel* and *Ronald Mark Caldwell,* Assistant Prosecuting Attorneys, for appellee.

*Darrell W. Holland, Jr.,* for appellant.

WISE, Judge.

The Stark County Grand Jury indicted appellant Keyona Allen on four counts of aggravated robbery. It was alleged that on the evening of October 9, 1995, two men entered the Pizza Oven located on Cleveland Avenue South, armed with a gun, and robbed four of the workers. Following the robbery, the two men fled in a vehicle. After the vehicle was stopped by the police, the two men fled, leaving only the driver present. Appellant and another co-defendant were arrested later, at separate locations.

Appellant was arraigned on December 29, 1995, on the above charges. The trial court appointed counsel at the arraignment. The matter was scheduled for trial on January 10, 1996. The state provided discovery to appellant on three separate occasions. On January 2, 1996, appellant's counsel received partial discovery, including statements made by one of the co-defendants and a witness list containing thirteen names. The discovery also included pieces of tangible evidence the state intended to introduce at trial.

On January 3, 1996, the state filed a supplemental discovery response, which included a plea entry by one of the co-defendants that intended to testify against appellant. The names of additional witnesses were also included. On the date of trial, the state informed counsel for appellant of a self-incriminating statement made by appellant at the time of his arrest. At trial, appellant's counsel requested a continuance on the basis that he did not have sufficient time to properly prepare for trial and his client was not dressed appropriately for court. The trial court denied the request for a continuance. The matter proceeded to trial, and following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to an indefinite term of nine to twenty-five years for each count, to be served concurrently.

Appellant timely filed his notice of appeal and sets forth the following assignments of error:

"I. The appellant's trial counsel was unable to render adequate legal representation, through no fault of counsel, because he was unable to prepare for trial

as he was appointed only 12 days prior to trial. Further, the trial court refused to continue the trial to allow appellant's counsel to properly review the voluminous discovery materials, provided eight and seven days before trial, respectively, and on the day the trial commenced.

"II. The appellant should be granted a new trial because the trial court, over the objection of appellant, force [*sic* ] him to wear identifiable jail attire during the trial proceedings.

"III. The appellant should be granted a new trial because the trial court, to the detriment of appellant, allowed the state of Ohio to amend the indictment and bill of particulars on the second day of trial to reflect the fact that a rifle, rather that a handgun, was used.

"IV. Other errors were committed at the trial not raised herein but apparent on the record."

## I

Appellant contends in his first assignment of error that he was denied effective assistance of counsel because appellant's trial counsel was not able to properly prepare for trial due to the short period of time between appellant's arraignment and the date of trial.

The trial court is granted broad discretion in granting or denying a continuance. *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078, paragraph one of the syllabus. An abuse of discretion occurs where the trial court's attitude is unreasonable, arbitrary or unconscionable; it connotes more than an error of law or judgment. *Id.* In *Ungar v. Sarafite* (1964), 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921, 931, the United States Supreme Court stated:

"[T]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."

Thus, the standard is a balancing test which requires the trial court to consider all competing factors, including the following:

"The length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and

other relevant factors depending on the unique facts of each case." *Unger*, 67 Ohio St.2d at 67–68, 21 O.O.3d at 43, 423 N.E.2d at 1080.

In *State v. Claytor* (1991), 61 Ohio St.3d 234, 574 N.E.2d 472, the Ohio Supreme Court set forth two guidelines for an appellate court to consider when ruling on the propriety of a request for a continuance. We must consider whether appellant had an opportunity to make a reasonable investigation or make a reasonable decision that certain investigations were not necessary. *Id.* at 240–241, 574 N.E.2d at 477–479.

In considering the test set forth in *Claytor* and the facts presented in the case *sub judice*, we find that the trial court abused its discretion when it failed to grant a continuance. We begin by noting that appellant's trial counsel had only twelve days to prepare for trial. Part of this time frame included a holiday. We are also concerned about the manner in which appellant's trial counsel received discovery in this matter. On the day of trial, counsel received notice that his client had made a statement to the police, at the time of his arrest, which indicated that he wanted to make a deal. Trial counsel also learned that appellant's left palm print was discovered on the exterior rear passenger door of the automobile used during the commission of the crime.

In addition to the discovery provided to trial counsel the day of trial, counsel had previously received a list of fourteen witnesses that trial counsel was not able to adequately interview due to the shortness of time permitted for trial preparation. Counsel for appellant stated in support of his request that he needed time to investigate the circumstances surrounding the discovery of appellant's palm print in the vehicle used during the commission of the crime. Based upon that evidence, counsel believed that it possibly would not be in the best interest of his client to go to trial. Trial counsel had no opportunity to investigate the circumstances surrounding the palm print, as that information was given to him the day of trial.

Further, we find our decision distinguishable from the case of *State v. Sowders* (1983), 4 Ohio St.3d 143, 4 OBR 386, 447 N.E.2d 118. In the *Sowders* case, defense counsel had eleven days from the date of arraignment until the commencement of trial in which to prepare the defendant's case. In finding that the trial court did not abuse its discretion in failing to grant a continuance, the court considered the following facts.

First, the trial court in *Sowders* was not presented with any facts to indicate that defense counsel was unable to interview the state's witnesses. Second, there was no showing by defense counsel of what efforts, if any, had been made to locate and talk to the witnesses. Third, defense counsel presented no facts to the trial court to indicate their identity, the materiality of their testimony or the reasonable likelihood that they could be found. Finally, defense counsel gave no

specifics to support his contention that he needed more time to adequately prepare a proper defense.

In the case *sub judice*, defense counsel received the names of witnesses on January 2 and January 3, only eight and seven days, respectively, before trial began on January 10, 1996. Defense counsel did not provide any other facts, besides the issue of time, as to why he did not interview the witnesses. Defense counsel did not explain whether he made any efforts to locate or talk to the witnesses. Defense counsel also did not present any facts indicating the witnesses' identities, the materiality of their testimony or the reasonable likelihood they could be found.

However, defense counsel, unlike in *Sowders,* was able to give specifics to support his contention that he needed more time to adequately prepare for trial. Defense counsel explained to the trial court the piecemeal manner in which he had received discovery. This was not due to any fault of the state, as it appears from the record that the state took every step necessary to keep defense counsel apprised of discovery matters. The discovery problems were the result of the short time period allotted for trial preparation.

Defense counsel also specifically referred to the fact that on the day of trial, he was informed by the state that appellant had made a statement that would be used against him indicating that he had a current problem and wanted to make a deal. Defense counsel also learned on the day of trial that appellant's left palm print was found on the exterior rear passenger door of the vehicle used during the commission of the crime.

We find that defense counsel submitted sufficient information to the trial court, at the time of his motion for a continuance, that would support the granting of the motion. Although we appreciate a trial court's effort to expeditiously dispose of cases on its docket, a rush to judgment can be even more detrimental to a defendant than a violation of a defendant's right to a speedy trial.

Since we find that the trial court abused its discretion in failing to grant a continuance in this matter, it is not necessary to further consider whether defense counsel was ineffective as a result of the trial court's failure to grant a continuance. Defense counsel admitted it would be unfair to deny his request for a continuance because he was not able to adequately investigate the witnesses or possible defenses.

Appellant's assignment of error is sustained. We will not address the remaining assignments of error since our finding in appellant's first assignment of error is dispositive of this matter on appeal.

For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HOFFMAN, P.J., and FARMER, J., concur.