The STATE of Ohio et al., Appellees,

v.

ARCORIA, Appellant.

[Cite as *State v. Arcoria* (1998), 129 Ohio App.3d 376.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18946.

Decided Aug. 12, 1998.

*David M. Maistros,* for appellees.

*William A. LeFaiver,* for appellant.

CARR, Judge.

Appellant, Thomas L. Arcoria, appeals his conviction and sentence in the Cuyahoga Falls Municipal Court. We reverse and remand.

In July 1997, Thomas L. Arcoria was charged with operating a vehicle while under the influence of alcohol, failure to control his vehicle, operating a vehicle with a prohibited blood-alcohol content, and resisting arrest. In November 1997, a jury trial was scheduled for January 15, 1998. On January 8, 1998, Arcoria's counsel presented the court with documentation that in September 1997, he had been scheduled to appear for another trial in another court on January 15, 1998. It had since become apparent that this previously scheduled trial would go forward and, due to the conflict, counsel requested a continuance of Arcoria's trial. The court denied the motion, but added that "if [the] other trial actually occurs the defendant and counsel will be reschedulled [*sic*] for jury trial."

On January 12, 1998, the court received a letter from Arcoria's counsel. In this letter, counsel again stated that due to the scheduling conflict, his attendance at Arcoria's trial on January 15 would be impossible, and he asked the court to reconsider the denial of his motion. He further stated that if the court insisted on proceeding, he would instruct Arcoria to appear at the trial, state for the record that he had no counsel and why, and then enter a no contest plea.

On January 15, 1998, Arcoria appeared for trial as instructed. His counsel was not present due to the previously scheduled trial moving forward as anticipated. Despite this fact, the court did not reschedule the jury. Instead, the court accepted Arcoria's no contest plea and found him guilty of three of the four charges. Arcoria appeals this judgment, arguing that the lower court abused its discretion and materially prejudiced him by failing to grant the continuance. The appellees, the state of Ohio and the city of Twinsburg, have filed no response brief in this court.

■ "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 43, 423 N.E.2d 1078, 1080. An abuse of discretion suggests that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

■ In this case, we believe that the lower court did abuse its discretion in refusing to grant the continuance. Had the appellees taken the initiative to file a brief in this court, perhaps they could have alerted us to something in the record that we do not currently perceive. However, in the absence of any argument to the contrary, it is undisputed that Arcoria's counsel was scheduled to appear in another trial on the same day he was scheduled to represent Arcoria, and that he timely requested a continuance for this reason. The lower court must have recognized both of these facts when it indicated that if the other trial went forward, Arcoria's trial would be continued. In addition, it is apparent from counsel's letter that Arcoria was instructed to plead no contest only if the court refused to grant the continuance. Despite these facts, when the day of trial arrived and Arcoria appeared in court alone, the following discussion was had on the record:

"THE COURT: * * *

"The court received a notice on January 12th from [defense counsel] indicating that his client would appear today and enter a plea of no contest to the charges.

"Is that correct, Mr. Arcoria?

"THE WITNESS: That's correct.

"THE COURT: Mr. Arcoria, is that, in fact, what you intend to do at this time?

"THE WITNESS: Yes, your Honor."

The lower court was aware of the fact that Arcoria had counsel, who was unable to attend the trial. The court was also aware that a continuance had been requested for this reason. And certainly, the court was aware of its own ruling that if counsel's other trial went forward, a continuance would be granted in this one. On the morning of trial, however, when Arcoria appeared alone, the lower court did not ask him if he wanted the continuance or, significantly, if he wanted to·waive counsel. Instead, the court simply accepted the no contest plea and entered judgment and sentence.

We do not here decide whether the lower court's conditional denial of the requested continuance was or was not an abuse of discretion. What we find

significant is the lower court's failure to grant the continuance under the very circumstance in which it indicated it would grant it. Arcoria was present without counsel and in no position to represent his own interests, yet the court accepted Arcoria's no contest plea without ever offering to continue or inquiring as to his desire to proceed without counsel. We think it clear that this was not his desire. Under the circumstances, we find the failure to grant the continuance on the morning of trial to be an abuse of discretion. Arcoria's single assignment of error is well taken. The decision of the lower court is reversed, and the cause remanded for trial on the merits.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and REECE, J., concur.