DECISION AND JUDGMENT ENTRY
Jason Todd Bailey appeals his conviction for theft, a violation of R.C. 2913.02. He asserts that the Marietta Municipal Court erred in denying his request for a continuance on the day of his court trial. We agree that the trial court erred in failing to continue Bailey's trial. For that reason, we reverse the decision of the trial court and vacate Bailey's conviction. Bailey also asserts that his conviction is against the manifest weight of the evidence, but our disposition of his first argument makes this issue moot.
 I.
On August 21, 1998, security personnel observed Bailey carry a car battery out of the Wal-Mart in Marietta, Ohio without paying for it. He was arrested for theft and released on a recognizance bond with instructions to appear before the court on August 28, 1998. On that date, Bailey appeared in court and pled not guilty. The court scheduled his trial for September 16, 1998. He appeared that day, without counsel, and told the court he still wanted a trial. The court reset the trial for October 5, 1998. Because the record does not contain transcripts of the August and September hearings, we do not know whether the trial court determined whether Bailey was entitled to appointed counsel.[1]
On October 5, 1998, Bailey appeared with an attorney from the Public Defender's Office, who informed the court that he had just become aware of the charges against Bailey. The attorney explained that the Public Defender's Office had no record of the case, but that he was currently representing Bailey on another matter. He concluded that Bailey was therefore eligible for appointed counsel and agreed to represent Bailey at the trial.
It is clear from the record that Bailey's counsel was not able to prepare for the trial, since he only learned of the charge that day. Counsel told the court that he had just "briefly looked at a statement of the facts" and requested a continuance. The trial court denied the request, immediately held a bench trial, and found Bailey guilty. Bailey now appeals, asserting the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE AT TRIAL.
 II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II.
In his first assignment of error, Bailey argues that the trial court erred in failing to continue his trial when his counsel was unable to prepare for trial since he had only been appointed[2]
the day of trial.
The grant or denial of a continuance is entrusted to the broad, sound discretion of the trial judge. State v. Powell (1990),49 Ohio St.3d 255, 259; State v. Unger (1981), 67 Ohio St.2d 65, syllabus; State v. Price (1973), 34 Ohio St.2d 43. An abuse of discretion occurs where the trial court's attitude is unreasonable, unconscionable, or arbitrary. State v. Filaggi
(1999), 86 Ohio St.3d 230. There is no mechanical test for deciding when a denial of a continuance is arbitrary. Unger, at 67, citing Ungar v. Sarafite (1964), 376 U.S. 575, 589-591. Therefore, when reviewing a trial court's denial of a continuance, we look to the circumstances of each case, focusing on the reasons presented to the judge at the time the continuance is denied. Unger, at 67. The factors a court uses to determine whether a denial of a continuance was an abuse of discretion include all relevant factors, including, but not limited to, the length of delay requested, prior continuances, inconvenience, the reasons for the delay, and whether the defendant contributed to the delay. Unger, 67-68. See, also State v. Allen (1997),118 Ohio App.3d 846.
When ruling on the propriety of a request for a continuance, we must also consider whether counsel had an opportunity to make a reasonable investigation or make a reasonable decision that certain investigations were not necessary. State v. Claytor
(1991), 61 Ohio St.3d 234, 240-241.
In this case, Bailey's trial counsel had no opportunity to prepare for trial. This is evidenced by his request for the police report during the police officer's testimony. While counsel's performance was exceptional under the circumstances, he was not given an opportunity to investigate the facts of the case. Moreover, he did not even have an opportunity to review the case to determine how much investigation was necessary.
A continuance may have been inconvenient for the state and its witnesses. However, the state did not offer an objection to Bailey's request for a continuance, and the trial court did not bother to determine the extent of any inconvenience. Nor did the trial court inquire whether Bailey caused or contributed to the delay. Thus, it is not apparent from the record whether Bailey contributed to his counsel's unpreparedness by failing to contact him until the day of the trial.
Bailey did not request that the trial court continue his case for a specific amount of time, but the court flatly denied his request without inquiring about the length of delay he wanted. The trial court seemed to conclude that Bailey only sought a continuance so that he could request a jury trial in a timely manner. We disagree. While Bailey did express interest in having a jury trial, his counsel made it clear that he was requesting a continuance also because he was unprepared.
After balancing these factors, we find that the trial court abused its discretion in failing to grant Bailey a continuance. Therefore, we reverse the judgment of the trial court, vacate his conviction, and remand this case to the trial court for proceedings consistent with this opinion.
 III.
In his second assignment of error, Bailey asserts that his conviction is against the manifest weight of the evidence. We need not address this assignment of error because it is moot. See App.R. 12(A)(1)(c).
 IV.
In conclusion, having found that the trial court abused its discretion in failing to grant Bailey a continuance of his trial, we reverse the judgment of the trial court, vacate his conviction, and remand this case to the trial court for proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J.: Concurs in Judgment and Opinion.
Harsha, J.: Dissents.
For the Court
BY: Roger L. Kline, Presiding Judge.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Bailey's appellate counsel requested "a transcript of all hearings held in the above captioned matter * * *."
[2] We note that the record contains no indication that Bailey's trial counsel was actually "appointed" by the trial court. We assume that Bailey was eligible for appointed counsel, since he was already being represented by the Public Defender's Office in another matter and because, in sentencing Bailey, the trial court did not impose a fine because Bailey was indigent.