JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Carlos Binford ("defendant") appeals from his conviction for failure to comply with order or signal of police officer in violation of R.C. 2921.331. For the reasons that follow, we affirm.
 {¶ 2} The facts presented during the bench trial of this matter are as follows: On May 15, 2002, police received a call around 4:30 p.m. reporting a rape and stolen vehicle. Around 5:30 p.m. that day, police officers observed defendant driving the vehicle on East 145th Street in Cleveland. An officer began following the vehicle and radioed for assistance. When the defendant observed another marked police vehicle approaching him, he turned at a high rate of speed. At that point, the officers turned on the police sirens.
 {¶ 3} The State's witnesses estimated that defendant drove down East 142nd at approximately 50 to 60 miles per hour. Three police cars pursued defendant. Defendant, however, claims he was running from the police in fear for his own safety and that he was driving between 30 to 40 miles per hour.
 {¶ 4} The record establishes that East 142nd is a long residential street and that the car chase lasted approximately six blocks. Defendant admits that there were people outside as he drove down the street. Defendant drove the car through a stop sign and into a driveway. One officer testified that defendant slammed on the brakes causing the zone car to collide with the victim's car. After a brief foot chase, police arrested defendant.
 {¶ 5} Defendant made a statement to police on May 17, 2002. Defendant was indicted for a violation of R.C. 2921.331(B). The indictment contains a furthermore clause charging that defendant's operation of the vehicle caused a substantial risk of serious physical harm to persons or property that, if proved, would elevate the charge to a felony of the third degree pursuant to R.C. 2921.331(5)(a)(ii).
 {¶ 6} The procedural facts relevant to this appeal are as follows: This matter proceeded to a bench trial on August 6, 2002. The State presented three witnesses and the defendant testified on his own behalf. When cross-examined by the State, defendant admitted to smoking crack cocaine and marijuana on the day of the incident. The State inquired as to whether this could have affected his memory of the incident. However, at a pretrial the day before, the defendant volunteered to the court that he had been smoking crack cocaine. (Tr. 10).
 {¶ 7} Towards the end of the case, defendant moved for a continuance in order to secure the testimony of the passenger that was in the vehicle driven by defendant on May 15, 2002. Both parties attempted to secure this witness for trial by subpoena, without success. The court declined to continue the matter because there was no indication that this witness could be located.
 {¶ 8} Defendant moved for acquittal at the close of the State's case and after the defense rested. In both instances, defendant maintained that there was no evidence that the police officers were in proper police uniform when the stop was being attempted. The court overruled the motions to acquit.
 {¶ 9} The court found defendant guilty "of the charge as outlined in the indictment, which is a felony of the third degree." In addition, the court found present certain factors contained in R.C.2921.331(C)(1)(5)(b). Defendant appeals from this conviction and raises four assignments of error for our review.
 {¶ 10} "I. The defendant was denied his constitutional right to due process when the trial court failed to find that the State had proved each element of the crime, and instead used the sentencing factors to determine the defendant's guilt."
 {¶ 11} Defendant maintains that the court failed to find the presence of a substantial risk of serious physical harm to persons or property pursuant to R.C. 2921.331(C)(5)(a)(ii). Defendant believes that the court erroneously considered the factors of R.C. 2921.331(C)(5)(b) instead. After a careful review of the statute and record, we must disagree.
 {¶ 12} Throughout the record, not only the parties, but also the court, displayed the awareness that the substantial risk of serious physical harm to persons or property is a necessary element to find defendant guilty of a third degree felony as charged in the indictment. In particular, the following exchange occurred:
 {¶ 13} "Q: Did you cause any substantial risk of harm to persons or property as you drove down —
 {¶ 14} "THE COURT: Well, that will be sustained. It's the ultimate conclusion for the court to determine." (Tr. 82).
 {¶ 15} In pertinent part, R.C. 2921.331 provides:
 {¶ 16} "(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
 {¶ 17} "* * *
 {¶ 18} "(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:
 {¶ 19} "* * *
 {¶ 20} "(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.
 {¶ 21} "(b) If a police officer pursues an offender who is violating division (B) of this section and division (C)(5)(a) of thissection applies, the sentencing court, in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of this section, shall consider, along with the factors set forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered, all of the following: * * *" (emphasis added).
 {¶ 22} Thus, under the terms of the statute, the court would not have considered the statutory factors of R.C. 2929.331(C)(5)(b) unless it necessarily found that division (C)(5)(a) applied, that is that defendant caused a substantial risk of serious physical harm to persons or property. Furthermore, the indictment charges defendant with causing substantial risk of serious physical harm to persons or property. (R. 1). The court explicitly stated that "[t]he Court finds beyond a reasonable doubt that the defendant is guilty of the charge as outlined in the indictment, which is a felony of the third degree." (Tr. 91).
 {¶ 23} Assignment of Error I is overruled.
 {¶ 24} "II. The defendant was denied his right to effective assistance of counsel when defense counsel failed to keep out testimony of defendant's drug use, or to object to the court's use of sentencing factors to determine guilt."
 {¶ 25} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Strategic or tactical decisions made by defense counsel which are well within the range of professionally reasonable judgment need not be analyzed by a reviewing court. Strickland, supra.
 {¶ 26} Defendant claims he received ineffective assistance when his counsel (1) failed to object to evidence of defendant's drug use; and (2) failed to object to the trial court's alleged use of sentencing factors in deciding guilt. Our disposition of the first assignment of error renders the latter moot.
 {¶ 27} We further find that counsel's failure to object to evidence of defendant's drug use did not amount to ineffective assistance under the above standard. First, "[i]n a bench trial, the court is presumed to have considered only relevant, material and competent evidence where, * * * the appellant fails to affirmatively demonstrate otherwise."State v. Bey (Feb. 7, 1991), Cuyahoga App. No. 57973, citing State v.Post (1987), 32 Ohio St.3d 380, 384. In this case, defendant himself volunteered this information to the court during a pre-trial the day before trial. Ibid.
 {¶ 28} The State also elicited this evidence through its cross-examination of defendant. The State argues that even if counsel had objected this evidence was admissible under Evid.R. 616(B) for impeachment purposes. Indeed, when the court referenced the fact of defendant's drug use it was within the context of evaluating the credibility of defendant's testimony. (Tr. 90). For the foregoing reasons, it is not reasonably probable that the outcome of the trial would have been any different had counsel asserted an objection to this evidence. Assignment of Error II lacks merit and is overruled.
 {¶ 29} "III. The court's decision finding the defendant guilty of third-degree felony failure to comply was not supported by sufficient probative evidence, and was against the manifest weight of the evidence."
 {¶ 30} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 31} After viewing the evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of R.C. 2921.331(B) and (C)(5)(a)(ii) proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail.
 {¶ 32} In a bench trial, the court assumes the fact-finding function of the jury. Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, it must be determined that the court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. Statev. Thompkins (1997), 78 Ohio St.3d 380, 387. Due deference must be accorded the findings of the trial court because the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 33} Defendant's conviction was not against the manifest weight of the evidence. While there is a discrepancy as to exactly how much defendant exceeded the speed limit, he himself admits that he operated the vehicle down a residential street between five to fifteen miles over the posted speed limit. Defendant further admits that he was fleeing from the police, that people were outside at the time, and that he "breezed through" a stop sign on the street. We do not find that the evidence weighs so heavily against defendant's conviction so as to create a manifest miscarriage of justice. Assignment of Error III is overruled.
 {¶ 34} "IV. The trial court abused its discretion in denying the defendant's motion for a continuance of the trial."
 {¶ 35} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." State v.Unger (1981), 67 Ohio St.2d 65, syllabus. "In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. Id. at 68 [citations omitted].
 {¶ 36} The trial court did not abuse its discretion when it denied defendant's motion for a continuance in this case. The defense requested the continuance as a result of a subpoenaed witness's failure to appear at trial. Consequently, the defendant requested this continuance near the end of the trial. Nonetheless, the court entertained the possibility of granting a continuance.
 {¶ 37} Apparently, the State had also subpoenaed this witness. The State represented to the Court that it had attempted to locate this witness without any success. Likewise, the defense did not suggest that it could find this witness even if given a continuance. As a result, the court denied the motion on the basis that there was no indication to the court that any additional time would produce the desired witness.
 {¶ 38} Defendant relies on State v. Adams (1980),118 Ohio App.3d 846 and State v. Arcoria (1996), 129 Ohio App.3d 376. Both are distinguishable from the facts of this case. In Adams, defense counsel had moved for a continuance because he was appointed to the case 12 days prior and had received some discovery on the day of trial. In Arcoria, counsel requested a continuance based upon a scheduling conflict. Neither case involved a mid-trial motion for continuance to secure the testimony of witness whose whereabouts remained unknown.
 {¶ 39} Assignment of Error III is overruled.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and SEAN C. GALLAGHER, J., CONCUR.