JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Oakwood Estates ("Oakwood Estates") appeals following a trial in Berea Municipal Court where it was denied three of five months unpaid rent against a former tenant, defendant-appellee Scott Crosby ("Crosby"). It claims the court erred in failing to find Crosby responsible for the entire balance of the lease agreement, asserting that the judgment is against the manifest weight of the evidence; that the judge misplaced the burden of proof; and in applying a defense that was never pled. For the following reasons, we affirm.
 {¶ 2} As a preliminary matter, we note that the tape-recording of the trial proceedings was unavailable for transcription. Plaintiff filed a statement of facts and proceedings under App.R. 9(C).
 {¶ 3} In May 2002, Crosby entered into a one-year lease agreement with Oakwood Estates for an apartment in Olmsted Township. Shortly after his arrival, and in July 2002, Oakwood Estates verified an excessive noise complaint and sent Crosby a letter advising that he was not complying with the noise provision of the lease. Two days later, Crosby was sent a second warning letter after a second verified complaint of excessive noise. The letter again warned that he was in non-compliance with the lease and that if he failed to comply, the letter would serve as a 30-day notice to vacate.
 {¶ 4} Following a third and final verified complaint of excessive noise in October 2002, Oakwood Estates sent Crosby a certified 30-day notice to vacate. In the third letter, Oakwood Estates expressly stated that Crosby's "December 2002 rent will not be accepted." Crosby complied and vacated the premises.
 {¶ 5} In July 2003, Oakwood Estates filed a complaint seeking to recover the five months of rent remaining under the terms of the lease and for damages to the apartment. Following a trial, the Magistrate found that Crosby breached the terms of the lease and awarded damages for the unpaid December and January rent; however, the Magistrate additionally found that Oakwood Estates failed to properly mitigate damages for the final three months of the lease and declined to award that portion of unpaid rent. The trial court then adopted the Magistrate's Decision. Oakwood Estates appeals and raises three assignments of error, which state:
 {¶ 6} "I. The trial court erred by considering the affirmative defense of failure to mitigate damages when defendant/appellee never pleaded that defense.
 {¶ 7} "II. The trial court erred in placing the burden of proof upon plaintiff/appellant to demonstrate that it had attempted to mitigate its' damages.
 {¶ 8} "III. The trial court's finding that plaintiff/appellant failed to mitigate its' damages during the last three (3) months of the lease is against the manifest weight of the evidence."
 {¶ 9} We address all of Oakwood Estates' assignments of error together because they concern the defense of mitigation of damages and the court's resolution of that issue.
 {¶ 10} At trial, Oakwood Estates presented evidence of its efforts to mitigate its damages. Oakwood Estates submitted advertisements it ran in various publications that marketed the availability of its one and two bedroom suites in general. The Magistrate rendered his decision based on the evidence presented. He found that Oakwood Estates ran standard advertisements as "a generic regular course of business, in attempts to lease units in this large complex of apartments, to wit over 600 units, which has a vacancy rate of 15%-20%." The Magistrate determined that this type of generic advertising was reasonable in the slow rental months of December and January. However, the Magistrate further determined that Oakwood Estates did not make reasonable attempts to secure a new tenant for Crosby's unit during the months of February, March, and April. Essentially, the Magistrate found it was not reasonable to continue generic marketing of available units at that point and that reasonable efforts to mitigate would have entailed some sort of unit-specific marketing, i.e., open houses, sign-in sheets to establish it showed perspective tenants that particular unit, or some evidence establishing its efforts to secure a new tenant for that particular unit.
 {¶ 11} When a tenant vacates rental premises prior to the expiration of the lease term, the landlord has a duty to secure a new tenant in order to mitigate damages. Briggs v. MacSwain (1986), 31 Ohio App.3d 85,86. A landlord must make reasonable efforts to mitigate damages sustained by the tenant's breach of the lease. Master Lease of Ohio v.Andrews (1984), 20 Ohio App.3d 217, 220. The failure to mitigate damages is an affirmative defense. Young v. Frank's Nursery Crafts,Inc. (1991), 58 Ohio St.3d 242, 244. However, the court properly considers an affirmative defense that was not raised in accordance with Civ.R. 8(C) when the issue was tried with the implied consent of the parties and was properly before the trial court for determination pursuant to Civ.R. 15(B). See Shumar v. Kopinsky (Aug. 30, 2001), Cuyahoga App. No. 78875, citing Telmark, Inc. v. Liff, (Sept. 21, 1998), Madison App. No. 98-01-004; see McCabe/Marra Co. v. Dover (1995), 100 Ohio App.3d 139,148; Blevins v. Sorrell (1990), 68 Ohio App.3d 665, 671-672; see, also, Buel Stone Corp. v. Buckeye Aeration Serv. (Jan. 31, 1985), Franklin App. No. 84AP-440.
 {¶ 12} The burden of proving a failure to mitigate damages lies with the party asserting the defense. Hines v. Riley (1998),129 Ohio App.3d 378, 717. "A landlord is not required to use extraordinary efforts to find a new tenant or attempt the unreasonable or impracticable. Hines v. Riley (1998), 129 Ohio App.3d 378, 383; Foustv. Valleybrook Realty Co. (1981), 4 Ohio App.3d 164, 168. Whether a landlord made reasonable efforts to mitigate damages is a question of fact to be resolved by the trier of fact." Manor Park Apts. v. Garrison,
Lake App. No. 2004-L-029, 2005-Ohio-1891. We accord deference to findings made by the trier of fact and will not reverse them if there is some competent, credible evidence in the record to support them. Id., citingC.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279. We are further guided by the presumption that the findings of the trial court are correct, as the trial judge is best able to view the demeanor of witnesses and use such observations in weighing the credibility of the testimony. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 13} "The mere fact that a landlord advertises the apartment does not, by itself, preclude a finding that the landlord was unreasonable in his mitigation efforts." Pinnacle Mgmt. v. Smith, Butler App. No. CA2003-12-237, 2004-Ohio-6928, citing Beatley v. Schwartz, Franklin App. No. 01AP-911, 2004-Ohio-2945.
 {¶ 14} In this case, the court explained its rationale for making a distinction between the reasonableness of generic marketing in the slow rental months of December and January. What was reasonable in those months, however, was not necessarily so in the latter months of non-occupancy, especially in a 600-unit complex that maintains a vacancy rate of 15%-20%, on average. We find that Oakwood Estates presented evidence relative to this issue at trial and that the trial court properly considered it. The trial court did not shift the burden of proving the affirmative defense to Oakwood Estates by referring to the lack evidence towards marketing the unit (i.e., open houses at the unit, etc.) but was merely weighing the evidence in determining the reasonableness of Oakwood Estates' efforts to re-rent the unit. There was competent, credible evidence to support the judgment and it was not against the manifest weight of the evidence.
 {¶ 15} Assignments of Error I, II, and III are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Celebrezze, Jr., J., Concur.