[Cite as *In re J.H.*, 2021-Ohio-4005.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|                     |   |                            |
|---------------------|---|----------------------------|
| IN RE:  J.H.        | : | APPEAL NO. C-210441        |
|                     |   | TRIAL NO.    F05-1845-Z     |
|                     | : |                            |
|                     | : | *O P I N I O N*            |

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 10, 2021

*James A. Anzelmo*, for Appellant Mother,

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Nicholas C. Varney*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Raymond T. Faller,* Hamilton County Public Defender, and *Julia Wood*, Assistant Public Defender, for the Guardian ad Litem for J.H.

CROUSE, Judge.

{¶1} Mother has appealed the juvenile court's entry granting permanent custody of her child, J.H., to the Hamilton County Department of Job and Family Services ("HCJFS"). In two assignments of error, mother argues that the juvenile court abused its discretion by denying her motion for a continuance, and that HCJFS failed to establish by clear and convincing evidence that it should be given permanent custody of J.H. For the reasons that follow, we overrule both assignments of error and affirm the judgment of the juvenile court.

### Factual and Procedural Background

{¶2} J.H. was born on September 26, 2020. After hospital staff became aware of mother's mental-health issues, she was placed on a 72-hour hold. Mother told staff that she did not have any food or supplies for J.H. and that she was going to leave the hospital against medical advice to shoot herself. That same day, by emergency order of the juvenile court, J.H. was placed in HCJFS custody. Two days later, on September 28, 2020, the juvenile court granted temporary custody to HCJFS.

{¶3} On December 17, 2020, HCJFS filed a complaint for permanent custody. The juvenile court agreed, and adjudicated J.H. dependent on February 24, 2021, before granting permanent custody to HCJFS on April 5, 2021.

{¶4} In support of the permanent-custody decision, the magistrate found that mother had significant mental-health and cognitive issues that put J.H. at risk. The magistrate further found that mother did not have custody of any of her other children—three were committed to the permanent custody of HCJFS and two are in

the legal custody of relatives. Mother declined all assistance from HCJFS intended to address her underlying mental-health issues, even revoking a release she had previously signed to help connect her with assistance. Further, the magistrate found that father had been absent from J.H.'s life, but for his attendance at one hearing, and that no family members had filed a petition for custody.

{¶5} On April 16, 2021, mother objected to the magistrate's decision granting permanent custody to HCJFS, arguing that the court failed to consider an alternative disposition: granting only temporary custody to HCJFS to allow time for a family member to pursue custody. On August 5, 2021, the juvenile court overruled the objection, adopted the magistrate's findings, and awarded permanent custody to HCJFS.

{¶6} On appeal, both of mother's assignments of error essentially argue that the award of permanent custody to HCJFS was in error because a relative was available to take custody of J.H.

### *The Motion for a Continuance*

{¶7} In mother's first assignment of error, she argues that the juvenile court abused its discretion by denying her motion for a continuance of the March 3, 2021 dispositional hearing. Mother sought this continuance to allow time for her sister, M.W., to complete a home study and file a proper custody petition.

{¶8} Generally, a decision to grant or deny a continuance is within the sound discretion of the trial judge. *State v. Blassingame*, 1st Dist. Hamilton No. C-190555, 2021-Ohio-426, ¶ 17, citing *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981), syllabus.

{¶9} Mother relies on a Fifth District case, *State v. Allen,* 118 Ohio App.3d 846, 849-850, 694 N.E.2d 145 (5th Dist.1997), to argue that the juvenile court's

denial of the motion was an abuse of discretion. However, in *Allen*, a criminal case, the defendant was arraigned on December 29, with trial set for January 10. *Id.* at 847. Defense counsel received names of 14 witnesses only a week before trial, and received notice on the day of trial about an incriminating statement from the defendant, as well as a handprint found at the scene. *Id.* at 849. In holding that the denial of a continuance was an abuse of discretion, the court stated, "a rush to judgment can be even more detrimental to a defendant than a violation of a defendant's rights to a speedy trial." *Id.* at 850.

{¶10} In this case, however, mother has not demonstrated that the extra time afforded by a continuance would have remedied her issue. At time of the dispositional hearing, over six months had elapsed since J.H. had been placed in HCJFS's temporary custody. However, as of the dispositional hearing, a successful home study was not complete, and no paperwork had been filed. In fact, in January 2021, M.W. failed a home study for noncompliance, and as of March 3, 2021, she had not taken any steps to correct it. Based on these facts, it was not unreasonable or arbitrary for the court to deny the motion for a continuance. This assignment of error is, therefore, overruled.

### *Permanent Custody*

{¶11} In mother's second assignment of error, she argues that it was improper for the court to award permanent custody to HCJFS because HCJFS failed to establish by clear and convincing evidence that it should be given permanent custody.

{¶12} On appeal, we must "independently find that clear and convincing evidence supports [the grant of permanent custody.]" *In re C. Children*, 1st Dist. Hamilton No. C-190650, 2020-Ohio-946, ¶ 8, citing *In re W.W.,* 1st Dist. Hamilton

4

Nos. C-110363 and C-110402, 2011-Ohio-4912, ¶ 46. This requires appellate courts to "examine the record and determine if the juvenile court had sufficient evidence before it to satisfy the statutory clear-and-convincing standard." *In re W.W.* at ¶ 46. However, "[w]e will not substitute our own judgment for that of the trial court * * * where some competent and credible evidence supports the trial court's determinations." *Id.*

{¶13} In order for permanent custody to be granted, HCJFS must satisfy the two-part test of R.C. 2151.414. First, the court must determine whether HCJFS has shown that one of the R.C. 2151.414(B)(1) conditions applies. As articulated by this court, these conditions include:

(1)     "the child is abandoned"

(2)     "the child is orphaned, and there are no relatives of the child who are able to take permanent custody"

(3)     at the time the agency files the motion for permanent custody, "the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period;" * * * or

(4)     none of the preceding conditions apply and "the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents," based on an analysis under R.C. 2151.414(E).

*In re W.W.* at ¶ 49, quoting R.C. 2151.414(B)(1).

{¶14} Next, the court must find that permanent custody is in the child's best interest. R.C. 2151.414(D)(1). In determining the best interest of the child, the court should consider "all relevant factors," including:

(a) [t]he interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers, and out-of-home providers, and any other person who may significantly affect the child;

(b) [t]he wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) [t]he custodial history of the child * * * [;]

(d) [t]he child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; [and]

(e) [w]hether any of the factors in divisions (E)(7) to (11) of this section apply.

R.C. 2151.414(D)(1).

{¶15} In addressing the first step—whether one of the conditions of R.C. 2151.414(B)(1)(a)-(d) applies—the court determined J.H. could not be placed with his parents within a reasonable time. This determination was made based on assessing the factors in R.C. 2151.414(E). A finding by clear and convincing evidence that even one of the factors exists is sufficient. *In re William S.*, 75 Ohio St.3d 95, 99, 661 N.E.2d 738 (1996).

{¶16} The juvenile court found mother's chronic mental-health issues are severe enough that she is unable to provide an adequate home for J.H., has failed to remedy the situation, and will not be able remedy the situation within one year. R.C. 2151.414(E)(1) and (2). The record contains significant evidence demonstrating mother's ongoing mental-health struggles, which led to her older children being

permanently placed with HCJFS, and her refusal to engage with HCJFS services to address her issues.

{¶17} The juvenile court also found R.C. 2151.414(E)(4), (10), and (11) were satisfied because mother had been convicted of felony child endangerment for an incident with one of her children, and she had not addressed her underlying issues. Moreover, father never visited J.H. and failed to actively engage in the case. The record supports these findings. While only one factor must be satisfied to support a determination that a child cannot be placed with his or her parents within a reasonable time, the court found that several factors were satisfied.

{¶18} Moving to step two, the court found permanent custody was in J.H.'s best interest. J.H. has been in HCJFS care since birth, and no other family members have filed for custody. The record supports the court's finding that a continued relationship with mother may be dangerous to J.H.

{¶19} Mother argues that "the trial court should have only given children [sic] services temporary custody of J.H. to allow M.W. to complete the home study and obtain the paperwork needed to file for custody of J.H." Mother argues this consideration should have been made when considering the "interrelationship of the child with the child's * * * relatives." R.C. 2151.414(D)(1)(a). However, this court has held that when making custody determinations, "the statute does not require that the court consider placing a child with a relative before granting permanent custody to a state agency." *In re Eicher Children*, 1st Dist. Hamilton No. C-080107, 2008-Ohio-2196, ¶ 14.

{¶20} Next, while J.H. cannot express his wishes due to his age, his guardian ad litem recommended a grant of permanent custody to HCJFS, and pointed out that

J.H. is thriving with the same foster family he has been with since birth. The foster family is also willing to adopt him.

{¶21} We also must consider J.H.'s need for a legally secure permanent placement, and whether that can be achieved without permanent HCJFS custody. As discussed, mother's mental health prevents her from providing a safe home for J.H. Mother asserts that M.W. is able to provide a safe home for J.H., but as noted above, M.W. previously failed a home study and has not filed for custody.

{¶22} Finally, R.C. 2151.414(E)(10) and (11) both apply in J.H.'s case because mother has previously had her parental rights involuntarily terminated with respect to siblings of J.H., and has not demonstrated that she has resolved the situation such that she can now support J.H.; and father has abandoned J.H. under the statute due to his lack of involvement in J.H.'s life.

{¶23} Therefore, clear and convincing evidence supports the court's determination that permanent custody is in J.H.'s best interest. Because J.H. could not be placed with either of his parents within a reasonable time, and permanent custody is in his best interest, the second assignment of error is overruled.

{¶24} We overrule both assignments of error and affirm the juvenile court's judgment.

Judgment affirmed.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.