[Cite as *Ingram v. Davis*, 2014-Ohio-4387.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101087**

## WILLIAM W. INGRAM

PLAINTIFF-APPELLANT

vs.

## ALLEN DAVIS

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-813226

**BEFORE:** Celebrezze, P.J., Jones, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 2, 2014

**FOR APPELLANT**

William W. Ingram, pro se
2829 East 127th Street
Cleveland, Ohio   44120


**ATTORNEY FOR APPELLEE**

John F. Albu
2009 Mayview Avenue
Cleveland, Ohio   44109

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, William W. Ingram, pro se, brings this appeal from the grant of summary judgment in favor of appellee, Allen Davis, for breach of a settlement agreement and fraud. Ingram makes several amorphous arguments that are only marginally discernable by this court. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

{¶2} Several civil cases resulted from a landlord-tenant (with option to purchase) relationship between Ingram as the tenant and prospective purchaser and Davis as the landlord owner. In an effort to terminate this litigation, on September 6, 2012, the parties executed a settlement agreement with mutual releases and a purchase agreement. The settlement agreement called for Ingram to dismiss with prejudice several cases pending in the Cleveland Municipal Court, this court, the federal bankruptcy court for the northern district of Ohio, and the Sixth Circuit Court of Appeals. The parties also agreed to release any and all claims against each other. It provides:

> **IN CONSIDERATION OF THE FOREGOING, <u>WILLIAM INGRAM EXPRESSLY DECLARES AND AGREES THAT THIS IS A FULL AND FINAL SETTLEMENT OF ALL THE CASES IDENTIFIED HEREIN ABOVE, "WITH PREJUDICE"</u>** and does with this instrument dismiss with prejudice, all the above identified cases and agrees that the parties hereto have compromised and settled their respective claims with prejudice and, hereby remise, release and forever discharge each other[,] their successors, assigns, heirs, executors, and also any and all other persons, associations and corporations, whether herein named or referred to or not, and who together with THE PARTIES, may be jointly or severally liable, from any and all manner of actions, rights, suites, covenants, contracts, agreements, judgments, claims, counter claims[,] cross claims,

past, present, and future and demands whatsoever in law or equity, including claims for contribution arising from and by reason of any and all known, unknown, foreseen and unforseen damages and the consequences thereof, including all causes of action thereof.

(Emphasis sic.)

{¶3} The purchase agreement, executed in conjunction with the settlement agreement, specified that Ingram would purchase the property located at 915 London Road in Cleveland, Ohio, for a sale price of $27,000 with credits of $9,750 toward the purchase price. Ingram was required to pay $17,250 to Davis in exchange for a quitclaim deed to the property. The agreement also specified that Ingram would withhold $200 to pay the final water bill. Ingram paid $17,250 via certified check, and the deed was executed and recorded.

{¶4} On September 4, 2013, Ingram filed a complaint seeking $10,256 in compensatory damages as well as punitive damages relating to the breach of purchase agreement. On October 2, 2013, Davis filed an answer raising several defenses and appearing to seek dismissal of the complaint within his answer without making arguments relating to Civ.R. 12(B).

{¶5} On October 9, 2013, Ingram filed a motion for default judgment claiming Davis failed to answer or failed to serve him at a proper address. The trial court denied the motion, but Ingram continued to file motions for default judgment. On November 12, 2013, Ingram also filed a motion to compel Davis to produce documents. This motion was denied because Ingram had not sought discovery directly from Davis. Davis filed for summary judgment on December 3, 2013, arguing that Ingram's claims were the

subject of the prior settlement agreement and that Ingram agreed in that settlement to release those claims. After a few rounds of replies and sur-replies, the trial court, on February 7, 2014, granted Davis's motion for summary judgment. Ingram then filed the instant appeal, assigning eight errors for review:

> I. [The trial] court erred [by] not entertaining breach of contract to enforce a fraud claim whether it have [sic] or have [sic] jurisdiction over unconditionally settle [sic] & dismissed an [sic] a joint settlement adjudicating all claims[.][1]
>
> II. [The trial] court erred [and] abuse[d] its discretion denying all appellant [sic] discovery request [sic] for the court to look at all the evidence to review cause [sic] a judgment entry sign[ed] by a judge with no evidence of time stamp or Journalization or certification is insufficient to support a claim of res judicata.
>
> III. [The trial] court erred in calculating time answer [sic] to complaint was not send [sic] to addreess [sic] where appellant live [sic] prior to filing the complaint an [sic] allowing appellee to proceed without showing of excusable neglect[.]
>
> IV. [The trial] court erred granting summary judgment after CMC hearing an [sic] pretrail [sic] were set allowing appellee [to] file summary judgment without requesting leave of court[.]
>
> V. [The trial] court erred in determining in favor of the non moving party opposing the motion because condition [sic] were not met showing a genuine issue of material fact exists[;] fraud in the release terms disguising terms an [sic] concealing terms claiming funds were given on an earlier transaction to avoid paying appellant his funds[.]
>
> VI. [The trial] court erred in determining the evidence, [sic] evidence shows genuine issue of material fact exsits [sic] municipal court judgment states other matters are mention [sic] but accordingly the case being resolve [sic]

---

[1] The trial court did exercise jurisdiction over this case, so this assignment of error is overruled out of hand.

but execution of the terms remaining in contest preclude summary judgment terms remaining in contest[.]

VII. [The trial] court erred not [sic] giving a summary judgment hearing to determine the issue before granting summary judgment[.]

VIII. [The trial] court erred [sic] summary judgment can not be used without evidence showing condition were [sic] met or condition not met in a settlement.

## II. Law and Analysis

### A. Summary Judgment

**{¶6}** The trial court granted Davis's motion for summary judgment.

> "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶7}** It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial with specific reference to admissible evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. *Dresher v. Burt*, 75 Ohio St.3d 280,

293, 662 N.E.2d 264 (1996). The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. *Id*.

{¶8} This court reviews the lower court's granting of summary judgment de novo. *Brown v. Scioto Cty. Commrs.*, 87 Ohio App.3d 704, 622 N.E.2d 1153 (4th Dist.1993). An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." *Saunders v. McFaul*, 71 Ohio App.3d 46, 50, 593 N.E.2d 24 (8th Dist.1990).

{¶9} Ingram's complaint is unclear as to all the causes of action, but a fraud claim and a breach of contract claim are apparent. Ingram alleges that Davis committed fraud by replacing a page of the settlement agreement that was filed with the court in the earlier actions. Ingram did not offer any evidence to support his claim, such as an alternate version of the first page of the agreement he executed or even a valid affidavit. Ingram's fraud claim is entirely unsupported in the record. Therefore, the trial court did not err in granting summary judgment on that issue.

{¶10} Ingram's breach of contract claim asserts that Davis breached the purchase agreement by failing to give him certain credits and by failing to give him $200 to satisfy the final water bill. Ignoring for the moment the settlement agreement Ingram executed, the purchase agreement called for Ingram to withhold $200 for the water bill. Instead, Ingram tendered the full amount. Under the precise terms of the agreement, the onus was

on Ingram to retain $200 to satisfy the water bill.[2] Beyond that, Ingram did not support his claim that Davis did not satisfy the water bill at the time of transfer. No admissible evidence, such as properly authenticated account statements from any water department, was supplied by Ingram in the record documenting that a balance was owed at the time of transfer.

{¶11} Ingram's claim that Davis breached the agreement by failing to satisfy any bill for water and sewer at the time of transfer is wholly unsupported. Therefore, the trial court did not err in granting summary judgment on this breach of contract claim.

{¶12} Ingram also argues that certain rental payments that were to be credited toward the purchase of the home were not given to him. However, the purchase agreement set forth all the credits to which Ingram was entitled. If there were additional credits, those should have been set forth in the purchase agreement. Ingram received $9,750 in credits, which accounted for all the credits that were due according to the terms of the purchase agreement. Ingram agreed to the terms set forth in that agreement. If the basis for these credits is from a previous agreement, then Ingram released any claim when he signed the purchase agreement.

{¶13} Ingram also claims that he must be reimbursed by Davis for rent he paid to live at another address because at the time the property was sold to him there was a lease agreement with another tenant to live in the home. The purchase agreement, a

---

[2] Ingram also makes an incomprehensible argument about "water rents" that Davis owes to him totaling thousands of dollars.

single-page document that bears Ingram's signature, indicates that Ingram would take the property subject to the existing lease. Ingram was put on notice of the existing tenant and agreed to respect the existing lease with that tenant.

{¶14} Therefore, the trial court did not err in granting summary judgment on this breach of contract claim.

### B. Procedural Issues

{¶15} Ingram argues the trial court erred in allowing Davis to file a summary judgment motion and ruling on it.

{¶16} "There is a basic due process right that 'defense counsel be afforded the reasonable opportunity to prepare his case.' *State v. Sowders*, 4 Ohio St.3d 143, 144, 447 N.E.2d 118 (1983). Nevertheless, the court retains control over the disposition of its trial docket * * *." *State v. Schwarzman*, 8th Dist. Cuyahoga No. 100337, 2014-Ohio-2393, ¶ 3.

{¶17} As Loc.R. 21 provides, the trial court, at the first case management conference, may set dates by which discovery must be complete and motions submitted. The rule provides in part:

> For the purpose of insuring the readiness of cases for pretrial and trial, the following procedure shall be in effect. Within ninety (90) days after suit is filed, the case shall be set by the Court for a Case Management Conference to establish case management procedures to prepare the case for an effective final pretrial. At that time the Court will take appropriate action on the service, leaves to plead, time limitations for discovery, scheduling a date for the pretrial hearing and any other steps warranted under the circumstances.

{¶18} The trial court's November 12, 2013 journal entry clearly sets out a discovery schedule and a cut-off date for motions for summary judgment of December 6, 2013. Davis filed his motion for summary judgment on December 3, 2013. Ingram's assignment of error related to the timeliness of Davis's summary judgment motion, and the need to request leave of the court is contradicted by the record.

{¶19} Accordingly, the trial court did not err in ruling on Davis's motion for summary judgment.

{¶20} Ingram also argues that the trial court erred in ruling on the motion without holding a hearing.

{¶21} Loc.R. 11(I)(2) specifies that "[u]nless otherwise ordered by the Court, motions for summary judgment shall be heard on briefs and accompanying evidentiary materials (as permitted by civil rule 56 ([C])) without oral argument." *See also* Loc.R. 11(A) ("[m]otions, in general, shall be submitted and determined upon the motion papers. Oral arguments of motions may be permitted on application and proper showing").

{¶22} The trial court is not required to hold an oral hearing, and Ingram never requested one in his numerous responses to Davis's motion. The trial court properly determined the issue after giving the appropriate time for response under the local rule. *See* Loc.R. 11(I)(1) (30 days to respond).

{¶23} The Ninth District came to the same conclusion, noting "'a trial court is not required to set or hold a hearing prior to ruling on a motion for summary judgment. Rather, "the non-moving party is entitled simply to sufficient notice of the filing of the

motion (pursuant to) Civ.R. 5 and an adequate opportunity to respond (pursuant to) Civ.R. 56(C).'"" *Marino v. Oriana House, Inc.*, 9th Dist. Summit No. 23389, 2007-Ohio-1823, ¶ 12, quoting *Ralston v. Difiglio*, 9th Dist. Summit No. 19875, 2000 Ohio App. LEXIS 3334, *6 (Jul. 26, 2000), quoting *Brown v. Akron Beacon Journal Publishing Co.*, 81 Ohio App.3d 135, 139, 610 N.E.2d 507 (8th Dist.1991).

{¶24} Therefore, the trial court did not commit any procedural error when it ruled on Davis's motion for summary judgment.

### III.    Conclusion

{¶25} Ingram's claims of error in this case are not supported in the record. Even giving Ingram the benefit of the doubt — that his entire suit was not barred by res judicata because of the prior settlement agreement — his claims fail to demonstrate that a genuine issue of material fact exists in the case that would entitle him to relief after Davis properly demonstrated that he was entitled to summary judgment because he did not breach the purchase agreement or commit fraud.   Therefore, the trial court's grant of summary judgment in Davis's favor is affirmed.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
EILEEN A. GALLAGHER, J., CONCUR